IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARRYL KINNEY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-4151-KHV |
| BLUE-DOT SERVICES and ) | |
| TERRY MCCORT, ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Darryl Kinney brings suit pro se. Though the complaint is not a model pleading, it appears to allege that Blue-Dot Services and Terry McCort retaliated and discriminated against plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and wrongfully discharged him in violation of Section 608 of the Clean Air Act,[1] 42 U.S.C. § 7671g, the whistleblower provisions of Section 129(1) of the Employment Rights Act of 1996,[2] and K.S.A. § 75-2973. Specifically, plaintiff alleges that defendants wrongfully discharged him a few weeks after he reported violations to the Environmental Protection Agency. This matter is before the Court on defendants' Motion To Dismiss (Doc. #14) filed December 19, 2011, and plaintiff's Motion To Supplement Record With Exhibits To Support Plaintiffs [sic] Claim (Doc. #21) filed March 4, 2012. Defendants seek dismissal of plaintiff's claims for lack of subject

---

[1] Plaintiff made reports under this provision of the Clean Air Act, so Section 322 of that Act, 42 U.S.C. § 7622, governs his whistleblower claims thereunder.

[2] The Employment Rights Act of 1996 is an act passed by the Parliament of the United Kingdom. It does not govern conduct which occurs in the United States of America. Sua sponte, the Court dismisses any claims which plaintiff purports to bring under this statute.

1

matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). As best the Court can tell, plaintiff seeks to supplement his claim with exhibits which purportedly confirm defendants' EPA violations.

For reasons stated below, the Court sustains defendants' motion and overrules plaintiff's motion.

**I.     Motion To Dismiss**

   **A. Legal Standards**

      **1.  12(b)(1)**

The Court may only exercise jurisdiction when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir.1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of showing that jurisdiction is proper, id., and he must demonstrate that the case should not be dismissed. See Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take two forms: facial attacks on the complaint or factual attacks on the accuracy of the allegations in the complaint. See Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). In challenging the court's jurisdiction, a facial attack looks only to the factual allegations of the complaint, while a factual attack goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise. Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 (10th Cir. 2010).

2

### 2. 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of framing his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 1950. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2),

Fed. R. Civ. P., depends on the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

The Court construes plaintiff's pro se complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers.  See Hall, 935 F.2d at 1110. The Court does not, however, assume the role of advocate for a pro se litigant.  See id.

### B. Factual Background

Viewed in the light most favorable to plaintiff, the complaint and record evidence are as follows:

Plaintiff is an EPA-licensed, "Universal card"-holding HVAC technician.  As such, if he learns that his employer or others have committed an environmental violation, including a violation which involves the use of Freon, he has a duty to report it to the government.  Plaintiff is African-American.

For one month in 2011, plaintiff worked for Blue-Dot.  McCort was plaintiff's supervisor.  McCort repeatedly tried to get plaintiff to commit environmental violations. Plaintiff refused, telling McCort that he would not put Freon in leaking units.  One week after plaintiff began working for Blue-Dot, he accompanied McCort to Community Church on 21st Street in Topeka KS, where McCort added 25 to 30 lbs. of r-222[3] and told plaintiff that they would go to jail if the EPA found out.

 At some point, plaintiff reported major violations to the EPA.  On July 9, 2011, "someone" saw paperwork which plaintiff had filed with the EPA on the seat of plaintiff's work truck. A few weeks later, on July 21, 2011, defendants fired plaintiff without telling him why. Sometime later, plaintiff learned that defendants had told OSHA that they fired him because of

---

[3]   Presumably, r-222 is a type of Freon refrigerant.

work performance. Plaintiff disputes this because defendants did not fire an employee named Bobby who continuously messed up. Bobby, who is white, almost burned down Paisano's Restaurant by performing "PM" work unsafely and lying about how a cooler became broken. Paisano's told McCort that Bobby could not return, even as a customer. Similarly, defendants did not fire a technician named Terry who incorrectly wired several new installs including the Pizza Hut on Gage St. Other techs screwed up job after job which plaintiff was expected to fix. Plaintiff also heard from other customers about recurring problems with work which Blue-Dot performed during periods of time when it did not employ plaintiff. Specifically, plaintiff heard that places such as Jason's Deli and Burger King made frequent callbacks for incorrect work which employees other than plaintiff had performed.

### C. Analysis

#### 1. Plaintiff's Title VII Claims

Defendants seek to dismiss plaintiff's Title VII claims of retaliation and discrimination under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction because plaintiff has not alleged that he has exhausted administrative remedies.

Filing a charge of discrimination with the EEOC is a jurisdictional prerequisite to the institution of a lawsuit based on a claim of employment discrimination under Title VII. See Alcivar v. Wynne, 268 Fed. Appx. 749, 753 (10th Cir.2008) (Tenth Circuit has consistently held that exhaustion is jurisdictional prerequisite to suit under Title VII and not merely condition precedent to suit) (citing Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005)). Without such a filing, federal courts lack subject matter jurisdiction to entertain discrimination claims under Title VII. See Carmody v. SCI Colo. Funeral Servs., Inc., 76 F. Supp.2d 1101, 1103–1104 (D. Colo. 1999).

To exhaust administrative remedies, plaintiff generally must present his claim to the EEOC or authorized state agency (in Kansas, the Kansas Human Rights Commission, "KHRC") and receive a right to sue letter based on that charge. The charge "shall be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b). The charge tells the EEOC or KHRC what to investigate, provides the opportunity to conciliate the claim and gives the charged party notice of the alleged violation. Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). The exhaustion requirement serves the dual purposes of ensuring that the administrative agency has the opportunity to investigate and conciliate the claims and providing notice of the claims to the charged party. See id.

Here, plaintiff fails to allege or make any showing that he has exhausted administrative remedies, and thus his complaint fails on its face to allege facts which establish subject matter jurisdiction over his Title VII claims. See, e.g., Harms v. I.R.S., 146 F. Supp. 2d 1128, 1134 (D. Kan. 2001). The Court thus dismisses plaintiff's Title VII claims without prejudice.[4]

### 2. Plaintiff's Wrongful Discharge Claims

#### a. Clean Air Act

Defendants seek to dismiss plaintiff's whistleblower claims because the statute which plaintiff cites does not authorize review by this Court. Specifically, defendants argue that Section 322 of the Clean Air Act, 42 U.S.C. § 7622, does not allow this Court to review

---

[4] In their motion to dismiss, defendants note that plaintiff has indeed filed complaints with the EEOC and the KHRC. Because plaintiff's EEOC complaint remains pending, his Title VII claims are thus not ripe for review by this Court.

plaintiff's claims.[5]

Within 30 days after the violation, an employee who believes he has been wrongfully discharged under the statute may file a complaint with the Secretary of Labor, who must investigate the complaint.  42 U.S.C. § 7622(b)(1), (b)(2)(A).  The Act provides for judicial review of the Secretary's decisions by petitioning the United States court of appeals for the circuit in which the violation allegedly occurred.  42 U.S.C. § 7622(c)(1).  Because the statute expressly limits the employee's remedy to an administrative claim, federal district courts do not have jurisdiction over a claim such as this.  Willy v. Coastal Corp., 855 F.2d 1160, 1169 (5th Cir. 1988).  The Court thus lacks subject matter jurisdiction over plaintiff's claims under the Clean Air Act.

### b.  Supplemental State Law Claims

Defendants ask the Court to decline to exercise jurisdiction over plaintiff's supplemental state law claim brought under K.S.A. § 75-2973.  Under 28 U.S.C. § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction once it has dismissed the claims

---

[5]     Section 322 of the Clean Air Act, 42 U.S.C. § 7622, prohibits employers from discharging or otherwise disciplining an employee who

> (1) commenced, caused to be commenced, or is about to commence or cause to be commenced a proceeding under this chapter or a proceeding for the administration or enforcement of any requirement imposed under this chapter or under any applicable implementation plan,
> (2) testified or is about to testify in any such proceeding, or
> (3) assisted or participated or is about to assist or participate in any manner in such a proceeding or in any other action to carry out the purposes of this chapter.

42 U.S.C. § 7622.  This statute provides a private right of action for employees who are retaliated against for reporting violations of other Clean Air Act provisions, such as 42 U.S.C. § 7671g, the statute which plaintiff claims defendants violated.

7

over which it had original jurisdiction. Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1236 (10th Cir.1998). If the court dismisses all federal claims before trial, it will generally decline to exercise jurisdiction over the remaining state law claims. Thatcher Enters. v. Cache Cnty. Corp., 902 F.2d 1472, 1478 (10th Cir.1990). Plaintiff presents no persuasive argument or authority why the Court should continue to exercise jurisdiction over his state law claim, and it thus declines to do so.

## II.     Motion To Supplement

As the Court indicated above, plaintiff appears to seek to supplement the record with evidence of the EPA violations that are the basis of his retaliation claims. Because the Court lacks jurisdiction over plaintiff's claims, any supplementation would be moot. The Court therefore overrules plaintiff's motion.

**IT IS THEREFORE ORDERED** that the Motion To Dismiss (Doc. #14) filed December 19, 2011 be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion To Supplement Record With Exhibits To Support Plaintiffs [sic] Claim (Doc #21) filed March 4, 2012 be and hereby is **OVERRULED.**

Dated this 24th day of July, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
